### EQUITABLE TRUST CO. OF NEW YORK v. FITZSIMMONS.

(Supreme Court, Appellate Term, First Department. June 24, 1913.)

EVIDENCE (§ 405*)—PAROL EVIDENCE—INSURANCE CONTRACTS.

In an action by an indorsee before maturity of a note for premiums on insurance policies, defendant, who does not set up the defense of failure of consideration, may not by parol contradict the applications, calling for the identical policies delivered to him.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1818–1824; Dec. Dig. § 405.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the Equitable Trust Company of New York against Walter T. Fitzsimmons. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued June term, 1913, before SEABURY, PAGE, and BIJUR, JJ.

McLear & McLear, of New York City (Herbert G. McLear, of New York City, of counsel), for appellant.

George L. Donnellan, of New York City, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PAGE, J. The action was upon a promissory note for $200, given by the defendant to an insurance agent for premiums on two life insurance policies, and indorsed over to the plaintiff before maturity.

The defendant offered in evidence the policies. Attached to and made a part thereof by their terms are the copies of the application signed by the defendant. The court specifically asked defendant's counsel whether he offered the whole of the paper, and received an affirmative answer. This application calls for the identical policies that were delivered to the defendant. Nevertheless he was allowed to testify, over plaintiff's objection and exception, that he had applied for the policy without one year term insurance, thus contradicting his written application, which was concededly the basis upon which the company had issued its policy, and the question as to what the application was as a matter of fact was submitted to the jury, with instructions that, if they found the application was as the defendant had testified, and not as the written application showed it to be, they might find for the defendant, upon the theory that the consideration for the note had failed.

It is not necessary to consider whether failure of consideration could be availed of as a defense under the circumstances of this case, for the foundation upon which such a defense would rest is not properly in the case. To allow a party to build up a defense upon a statement by himself, uncorroborated in any detail and in contradiction of the written agreement made by him, violates the elementary rule that parol evidence cannot be received to contradict or vary the terms of a written instrument. With this parol evidence eliminated, there was not a scintilla of evidence to submit to the jury. The justice should have granted plaintiff's motion for a direction of a verdict in its favor.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.